**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ORLANDO COMMUNICATIONS LLC,

    Plaintiff,

vs.

CASE NO. 6:14 CV 1030-37 DAB

HTC CORPORATION,
HTC AMERICA, INC.,
SPRINT SPECTRUM, L.P., and
SPRINT CORPORATION,

    Defendants.

_____/

**COMPLAINT OF PLAINTIFF ORLANDO**
**COMMUNICATIONS LLC FOR PATENT INFRINGEMENT**
**AND DEMAND FOR JURY TRIAL -- INJUNCTION SOUGHT**

Plaintiff, Orlando Communications LLC ("Orlando"), complains against Defendants, HTC Corporation, HTC America, Inc. (together, "HTC"), Sprint Spectrum, L.P., and Sprint Corporation (together, "the Carrier") (collectively, "Defendants"), as follows:

**PARTIES**

1.    Orlando is a Florida limited liability company with principal place of business at 2400 Dallas Parkway, Suite 200, Plano, TX 75093.

2.    HTC Corporation is a Taiwanese corporation that has listed as its principal place of business 88 Section 3, Zhongxing Road, New Taipei City 231, Taiwan, R.O.C.

3.    HTC America, Inc. is a Washington corporation with principal place of business at 13290 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.

4.     Sprint Spectrum, L.P. is a Delaware limited partnership and Sprint Corporation is a Delaware corporation, both with their principal place of business at 6200 Sprint Parkway, Overland Park, KS 66251.

5.     The Carrier offers and provides to subscribers, in return for payments by those subscribers, mobile voice and data services ("the Carrier Services") over its 3G and 4G wireless network ("the Carrier Network") and terms for purchasing and obtaining, from the Carrier, Carrier Handsets configured for use by the subscribers to enjoy the Carrier Services.  Carrier Handsets include certain HTC provided, manufactured, or sold tablets, smartphones, and other 3G or 4G voice/data mobile units compliant with requirements of the Carrier and configured to interoperate with the Carrier Network.

6.     The Carrier Handsets include the HTC Evo 4G, HTC 8XT, HTC One, HTC One (M8) (Harman Kardon Edition), HTC One (M8), HTC One Max, HTC Evo Shift, HTC Hero with Google Pre-owned, HTC Snap S511, and HTC Touch Pro devices, and possibly others.

7.     HTC manufactures or sells the Carrier Handsets for subsequent sale by the Carrier to subscribers and for use by end users.

## JURISDICTION

8.     This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. §§ 101, *et seq.*  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

9.     Personal jurisdiction exists over Defendants because they have responsibility for making, using, offering for sale, selling, importing, making available,

and marketing products in this district the use of which in this district infringes each of Orlando's patents, as described below.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## COUNT I

### Infringement of U.S. Patent No. 5,687,196

11.     This Count incorporates by reference paragraphs 1 through 10, above.

12.     Orlando owns United States patent number 5,687,196, entitled "Range and Bearing Tracking System with Multipath Rejection" ("the '196 patent"), which issued to inventors James Arthur Proctor, Jr. and James Carl Otto on November 11, 1997. (Exhibit A).

### Direct Infringement

13.     The Carrier has infringed and continues to infringe one or more claims of the '196 patent by making, using, offering for sale, selling, or importing into the United States the Carrier Services or the Carrier Handsets.  Carrier thus has liability for infringement of the '196 patent under 35 U.S.C. § 271(a).

14.     On information and belief, the Carrier infringes because the Carrier Network (of which the Carrier Handsets when used have become a part) performs each step of at least claim 12, or the Carrier Network performs some of the steps of at least claim 12 while it directs and controls a Carrier Handset to perform the remaining (or all) steps of at least claim 12.

15.      The Handset Provider infringes at least claim 12 of the '196 patent by making, using, offering to sell, selling, or importing into the United States the Carrier Handsets.

16.      On information and belief, the Carrier Handsets include devices and software that enable, make ready, and dictate the performance of the steps of at least claim 12 of the '196 patent.

### Indirect Infringement - Inducement

17.      Based on the information presently available to Orlando, each end user who purchases the above listed Carrier Services or Carrier Handsets and who operates those Carrier Services or Carrier Handsets according to the Defendants' instructions necessarily causes the Carrier Handset or the Carrier Network to automatically run software Defendants have installed, which software infringes one or more claims of the '196 patent. Defendants thus have infringed, and continue to infringe, one or more claims of the '196 patent by actively inducing others to make, sell, use, or import into the United States the Carrier Services or the Carrier Handsets.

18.      Based on the information presently available to Orlando, the Defendants have taken and take active steps to encourage Carrier Services customers to purchase the Carrier Handsets and use them in the Carrier Network, and have taken and take active steps to facilitate the customers' use of the Carrier Handsets in the Carrier Network.

19.      Defendants' inducement creates liability under 35 U.S.C. § 271(b).

4

20.     Defendants have been put on notice that their activities practice these patents. At a minimum, Defendants will have had notice of the '196 patent since at least service of the complaint in this action. By the time of trial, Defendants will thus have known and intended (since receiving such notice) that their continued actions would induce actual infringement of one or more claims of the '196 patent.

### Indirect Infringement – Contributory

21.     Based on the information presently available to Orlando, Defendants, by supplying Carrier Handsets that are used to infringe at least claim 12 of the '196 patent, have contributed to, and continue to contribute to, the infringement by others, including end users of the Carrier Services and the Carrier Handsets.

22.     Defendants contribute by offering to sell, selling, or importing an apparatus or article of manufacture with distinct and separate portions of software ("the Components") for use only in practicing the patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of at least claim 12 of the '196 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. The Components are one or more portions of software on the Carrier Handsets, software updates for the Carrier Handsets, or software on individual chips or chipsets forming part of the Carrier Handsets or of a base station of the Carrier Network, or software to configure the Carrier Network.

23.     Defendants' conduct creates liability under 35 U.S.C. § 271(c).

24.     Through service of the complaint in this action, Defendants will have been provided with written notice of Orlando's allegations of infringement and written

identification of the Carrier Network and the Carrier Handsets, which contain distinct and separate portions of software that infringe one or more claims of the '196 patent and written notice of the Components especially made or especially adapted for use in infringing the '196 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use. By the time of trial, Defendants will thus have known and intended (since receiving such notice) that their continued actions would contribute to infringement of one or more claims of the '196 patent.

25.      Defendants' infringement as set forth above has damaged Orlando.

26.      Each Defendant's infringement and consequent damage will continue unless that Defendant is enjoined.

27.      Defendants are liable in an amount that adequately compensates Orlando for the infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### Infringement of U.S. Patent No. 6,009,553

28.      This Count incorporates by reference paragraphs 1 through 10, above.

29.      Orlando owns United States patent number 6,009,553, entitled "Adaptive Error Correction for a Communication Link," ("the '553 patent") which issued to inventors Dennis Martinez, Thomas Hengeveld, and Michael Axford on December 28, 1999. (Exhibit B).

## Direct Infringement

30.     The Carrier has infringed and continues to infringe one or more claims of the '553 patent by making, using, offering for sale, selling, or importing into the United States the Carrier Services or the Carrier Handsets. Carrier thus has liability for infringement of the '553 patent under 35 U.S.C. § 271(a).

31.     The Carrier infringes because the Carrier Network (of which the Carrier Handsets when used have become a part) performs each step of at least claims 1 and 5, or the Carrier Network performs some of the steps of claims 1 and 5 while it directs and controls a Carrier Handset to carry out the remaining (or all) steps of claims 1 and 5.

## Indirect Infringement - Inducement

32.     Based on the information presently available to Orlando, each end user who purchases the above listed Carrier Services and Carrier Handsets and who operates those Carrier Services and Carrier Handsets according to the Defendants' instructions necessarily causes the Carrier Handset or the Carrier Network to automatically run software Defendants have installed, which software infringes one or more claims of the '553 patent. Defendants thus have infringed, and continue to infringe, one or more claims of the '553 patent by actively inducing others to make, sell, use, or import into the United States the Carrier Services and the Carrier Handsets.

33.     Based on the information presently available to Orlando, the Defendants have taken and take active steps to encourage Carrier Services customers to purchase the Carrier Handsets and use them in the Carrier Network, and have taken and

take active steps to facilitate the customers' use of the Carrier Handsets in the Carrier Network.

34.        Defendants' inducement creates liability under 35 U.S.C. § 271(b).

35.        Defendants have been put on notice that their activities practice these patents. At a minimum, Defendants will have had notice of the '553 patent since at least service of the complaint in this action. By the time of trial, Defendants will thus have known and intended (since receiving such notice) that their continued actions would induce actual infringement of one or more claims of the '553 patent.

### Indirect Infringement – Contributory

36.        Based on the information presently available to Orlando, Defendants, by supplying Carrier Handsets that are used to infringe one or more claims of the '553 patent, have contributed to, and continue to contribute to, the infringement by others, including end users of the Carrier Services and the Carrier Handsets.

37.        Defendant contribute by offering to sell, selling, or importing an apparatus or article of manufacture with distinct and separate portions of software ("the Components") for use only in practicing the patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringement of the '553 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. The Components are one or more portions of software on the Carrier Handsets, software updates for the Carrier Handsets, or software on individual chips or chipsets forming part of the Carrier Handsets or of a base station of the Carrier Network, or software to configure the Carrier Network.

38.        Defendants' conduct creates liability under 35 U.S.C. § 271(c).

39.        Through service of the complaint in this action, Defendants will have been provided with written notice of Orlando's allegations of infringement and written identification of the Carrier Network and the Carrier Handsets, which contain distinct and separate portions of software that infringe one or more claims of the '553 patent and written notice of the Components especially made or especially adapted for use in infringing the '553 patent and are not staple articles or commodities of commerce suitable for substantial non-infringing use.  By the time of trial, Defendants will thus have known and intended (since receiving such notice) that their continued actions would contribute to infringement of one or more claims of the '553 patent.

40.        Defendants' infringement as set forth above has damaged Orlando.

41.        Each Defendant's infringement and consequent damage will continue unless that Defendant is enjoined.

42.        Defendants are liable in an amount that adequately compensates Orlando for the infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

Orlando requests a trial by jury.

## PRAYER FOR RELIEF

For the above reasons, Orlando respectfully requests that this Court enter judgment:

A.        That each Defendant has infringed the '196 and '553 patents;

B.        Enjoining each Defendant, its officers, directors, agents, servants,

affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or privity with it from infringement of the '196 and '553 patents, under 35 U.S.C. § 283;

      C.      That each Defendant pay Orlando damages with interest and costs, under 35 U.S.C. § 284;

      D.      Declaring this case exceptional under 35 U.S.C. § 285 and awarding attorneys fees; and

      E.      Granting any further relief that the Court may deem appropriate.

Date: June 26, 2014

                  SUZANNE BARTO HILL, ESQUIRE
                  Florida Bar No. 0846694
                  E-Mail:  shill@rumberger.com
                  RUMBERGER, KIRK & CALDWELL
                  A Professional Association
                  Lincoln Plaza, Suite 1400
                  300 South Orange Avenue (32801)
                  Post Office Box 1873
                  Orlando, Florida  32802-1873
                  Telephone:  (407) 872-7300
                  Telecopier:  (407) 841-2133

                  Paul J. Hayes – Trial Counsel
                  E-Mail:  pyhayes@hayesmessina.com
                  James J. Foster
                  E-mail:  jfoster@hayesmessina.com
                  HAYES MESSINA GILMAN & HAYES, LLC
                  200 State Street, 6th Floor
                  Boston, MA  02109
                  Telephone: (978) 809-3850
                  Facsimile : (617) 443-1999

                  **ATTORNEYS FOR PLAINTIFF**
                    **ORLANDO COMMUNICATIONS LLC**